IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 4:19-CV-22

ATLANTIC COAST MARINE
GROUP, INC.,

    Plaintiff,

MICHAEL GRANT NEWCOMB and
MELODY BENSON,

    Defendants.

## PROTECTIVE ORDER

**THIS MATTER** is before the Court on the parties' Joint Motion for Protective Order. Having considered the Motion and reviewed the pleadings, the Court enters the following Order.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Protective Order is **GRANTED,** and the following **PROTECTIVE ORDER** is entered:

**THIS CAUSE** coming on before the undersigned Judge upon the consent motion of Plaintiff and Defendants (collectively, the "Parties") pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, the Court hereby approves and enters the following Protective Order.

1.     The "Litigation" shall mean the above-captioned lawsuit.

2.     "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, whether documentary or

oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, in connection with this Litigation.

3. "Producing Party" shall mean any party or non-party person or entity that provides, serves, files, or produces any non-public information in connection with this Litigation.

4. Discovery Materials produced or disclosed in connection with the Litigation by a Producing Party that contain either: (1) non-public sensitive, commercial, financial, or proprietary information; or (2) non-public personal information concerning individuals, such as Social Security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical and banking information, may be designated "CONFIDENTIAL'" by the Producing Party. Discovery Materials designated "CONFIDENTIAL" shall be referred to herein as "Confidential Discovery Materials." The Parties further agree that reference to any category or type of Discovery Material above is not intended to and shall not be construed as an admission that the Discovery Material is not subject to an applicable privilege or protection, or that the Discovery Material is relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

5. Confidential Discovery Material may be designated confidential by marking or stamping the page or pages containing such information as "CONFIDENTIAL" or, in the case of Confidential Discovery Material that cannot be so stamped or marked, pursuant to a letter from the Producing Party identifying such materials as Confidential.

6. "CONFIDENTIAL" information and documents shall be maintained in strict confidence by the Parties who receive such documents or information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person or entity, except:

   (a) The United States District Court for the Eastern District of North Carolina or the United States Court of Appeals for the Fourth Circuit (the "Courts") and persons assisting the Courts or assisting in the Litigation process (including, but not limited to, court personnel, court reporters, stenographic reporters, and videographers);

   (b) The attorneys of record in this Litigation and their partners, employees, associates, and/or contract attorneys who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

   (c) Subject to the terms of Paragraph 11 below, a Party, or a former or current officer, director, or employee of a Party deemed necessary by the Party's Outside Counsel for the prosecution, defense, or settlement of this Litigation;

   (d) Subject to the terms of Paragraph 11 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;

   (e) Subject to the terms of Paragraph 11 below, support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

   (f) Subject to the terms of Paragraph 11 below, any other person as to whom the Parties may agree in writing.

7. During the deposition of any Party, non-party or any expert retained to testify on behalf of a Party in this litigation, the Party conducting the deposition may utilize Confidential Discovery Materials, provided that the Party, witness, or expert, prior to reviewing such information, executes an undertaking in the form of Exhibit A. No such undertaking shall be required, however, where the witness had or would have had access

3

to the materials in the scope of their business functions. The original executed undertaking shall be maintained by counsel conducting the deposition.

8. A Producing Party may, in good faith, designate Discovery Materials containing highly confidential trade secret, personal information, or competitive information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be referred to as "Highly Confidential Discovery Materials." Highly Confidential Discovery Materials may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by marking or stamping the page or pages containing such information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, in the case of Highly Confidential Discovery Materials that cannot be so stamped or marked, by letter identifying such documents as Highly Confidential Discovery Materials. The parties agree that Highly Confidential Discovery Materials may include production records, license agreements, and/or tax returns.

9. Highly Confidential Discovery Materials shall be maintained in strict confidence for use by Outside Counsel of Record in this action for the Parties and shall be used solely for the purposes of this Litigation. Highly Confidential Discovery Materials shall not be disclosed to any person, except the following:

    (a)    The United States District Court for the Eastern District of North Carolina or the United States Court of Appeals for the Fourth Circuit (the "Courts") and persons assisting the Courts or assisting in the Litigation process (including, but not limited to, court personnel, court reporters, stenographic reporters, and videographers);

(b) The outside attorneys of record in this Litigation and employees or contract attorneys working for their respective law firms who have a need to know this information in the course of working on this Litigation ("Outside Counsel of Record");

(c) Subject to the terms of Paragraph 11 below, experts or consultants and their staff and litigation support personnel and their staff, retained by Outside Counsel in this Litigation;

(d) Subject to the terms of Paragraph 11 below, support vendors or contractors retained by Outside Counsel of Record for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(e) Any other person as to whom the Parties may agree in writing.

10. Highly Confidential Discovery Materials may only be disclosed to persons listed in Paragraph 9, subparagraphs (c), (d) and (e) if deemed necessary by outside counsel for the prosecution, defense, or settlement of this Litigation and if, prior to the utilization of such information, those persons execute a certification in the form of Exhibit A. In the event a Party intends to disclose a Producing Party's Highly Confidential Discovery Materials during a deposition or court proceeding to a person listed in Paragraph 6, subparagraph (c), a third-party witness, or a person who did not prepare or previously receive such information and is not an employee or consultant of the Producing Party, the opposing party shall make its best efforts to give reasonable advance notice to the Producing Party prior to the start of the deposition or court proceeding. In addition, any such witness shall execute an undertaking in the form of Exhibit A. The original executed undertaking shall be maintained by counsel conducting the deposition.

11. With respect to persons listed in Paragraph 6, subparagraphs (c), (d), (e), and (f) and as to persons listed in Paragraph 9 (c), (d) and (e), prior to receiving Confidential or Highly Confidential Discovery Materials, such persons must be provided with a copy of this Order and must sign a Certification in the form set forth as the attached Exhibit A, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. Counsel for the Party on whose behalf such a Certification is signed shall retain the original Certification in his/her file. Notwithstanding any other provision herein, nothing shall prevent a party from revealing Confidential or Highly Confidential Discovery Materials to a witness who created or previously received such Confidential or Highly Confidential Discovery Materials.

12. If a Producing Party, through inadvertence, produces any Confidential or Highly Confidential Discovery Materials without marking or designating them as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked, along with written notice to all Parties (or written notice alone as to non-documentary information), that such information is deemed Confidential or Highly Confidential Discovery Material and should be treated as such in accordance with the provisions of this Order. Any Party who has received such inadvertently produced materials that were not properly marked, shall return all copies of the same to the Producing Party within five (5) days of receipt of the properly marked substitute copies.

13. When testimony is to be elicited during a deposition that is, or is likely to be, Confidential or Highly Confidential, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential or Highly Confidential Discovery Material shall be so designated at the beginning and end of the testimony containing Confidential or Highly Confidential Discovery Material, either orally at the deposition or in writing to the court reporter and counsel of record no later than twenty (20) days following receipt of the transcript. Until the end of the twenty (20) day period, the Parties shall treat the entire transcript as Confidential Discovery Material. Following the written designation of a portion of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," any such portions of the transcript shall be bound separately from those portions that do not contain Confidential or Highly Confidential Discovery Material and shall be marked with the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE "CONFIDENTIAL" BY COUNSEL AND COVERED BY A PROTECTIVE ORDER — TO BE FILED WITH THE COURT UNDER SEAL;

or

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" BY COUNSEL AND COVERED BY A PROTECTIVE ORDER — TO BE FILED WITH THE COURT UNDER SEAL.

14. If a Party wishes to include Confidential or Highly Confidential Discovery Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in

any material to be filed with the Court, that Party shall file a motion seeking to seal such material in accordance with the Local Rules of this Court and applicable law. Filing under seal shall be without prejudice to any Party's right to argue that such material does not constitute Confidential or Highly Confidential Discovery Material and need not be preserved under seal.

Pursuant to the Eastern District of North Carolina's Case Filing Administrative Policies and Procedures Manual except for motions filed under seal in accordance with Section V.G.1.(f) of said Manual, each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    i.    The exact document or item, or portions thereof, for which the filing under seal is requested;

    ii.    How such request to seal overcomes the common law or the First Amendment presumption to access;

    iii.    The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    iv.    The reasons why alternatives to sealing are inadequate; and

    v.    Whether there is consent to the motion.

15. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not Confidential or Highly Confidential Discovery Material, subject to discovery, relevant, or admissible in evidence in any future proceeding. All Parties reserve the right to challenge the designation of any documents, materials, or testimony as Confidential or Highly Confidential under this Order.

16. If, at any time, a Party objects to a designation of Discovery Material as Confidential or Highly Confidential under this Order, the objecting party shall notify the Producing Party in writing. The objecting party shall identify the Discovery Materials in question and shall specify in reasonable detail the reason or reasons for the objection. Within five (5) business days of the receipt of such notice, the Producing Party and objecting party shall confer in person or over the phone in an effort to resolve their disagreement. If the Parties cannot resolve their disagreement, the objecting party may apply for a ruling from the Court on the Producing Party's designation of the Discovery Materials as Confidential or Highly Confidential. While any such application is pending, the documents or material subject to that application will remain Confidential or Highly Confidential until the Court rules on the application. In any court review, the Producing Party shall have the burden of showing that the document or information is Confidential or Highly Confidential pursuant to this Order and is entitled to the designation and associated protection from public disclosure. Nothing in this Order shall be construed as preventing any Party from objecting to the designation of any document as Confidential or Highly

Confidential or preventing any Party from seeking further protection for any material it produces in discovery.

17. This Order shall not be construed to prevent any party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from disclosing its own Confidential or Highly Confidential Discovery Material as it deems appropriate.

18. Any Party or person receiving Confidential or Highly Confidential Discovery Materials covered by this Order that receives a request or subpoena for production or disclosure of the Confidential or Highly Confidential Discovery Materials to third parties shall immediately give written notice to the Party who designated the information as Confidential or Highly Confidential ("the Designating Party") through the Designating Party's counsel, identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential or Highly Confidential Discovery Materials without consent of the Designating Party unless: (a) the Designating Party fails to seek relief from the subpoena or request in a timely manner as determined by any federal or state rules applying to such subpoena or request; or (b) notwithstanding the Designating Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

19. No person to whom Confidential or Highly Confidential Discovery Materials is disclosed by Outside Counsel shall make a copy of any Confidential or Highly

Confidential Discovery Materials unless copying reasonably promotes the preparation for and trial of this Litigation. Neither Outside Counsel nor any individual to whom they make disclosure shall disclose any Confidential or Highly Confidential Discovery Materials covered under this Order except for the purposes of preparing for and prosecuting this Litigation.

20. This Order shall survive settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order. At the conclusion of the Litigation, the parties agree that each will destroy any Confidential or Highly Confidential Discovery Materials and certify that destruction has occurred by counsel's letter. Further, counsel will instruct their respective clients, consultants, and experts to destroy any Confidential or Highly Confidential Discovery materials and those persons shall certify that such destruction has occurred by a letter that will be provided to opposing counsel. In the event that the Confidential or Highly Confidential Discovery materials cannot be destroyed, counsel and/or any clients, consultants and experts shall notify counsel for the Producing/Designating Party in writing, propose a means to maintain the confidentiality of the materials, and obtain the approval of counsel for the Producing/Designating Party regarding further handling of those materials. If counsel cannot reach an agreement on how the confidentiality of those materials shall be maintained, the party receiving such materials may file a motion with the Court to resolve the matter. However, counsel of record may retain a file copy of all discovery material, consistent with counsel's ethical

obligations and any other requirements of this Order. In no event shall this certification of destruction or return of Confidential or Highly Confidential Discovery Materials occur later than thirty (30) days after entry of a final judgment no longer subject to further appeal and receipt of a notice letter from the Producing/Designating Party's counsel reminding opposing counsel to return the documents and/or certify them as destroyed.

21. This Order may be modified by mutual agreement of the Parties. Such modification shall be in writing, signed by all parties, and entered as an Order of the Court.

[SIGNATURES ON NEXT PAGE]

This the 16 day of September, 2019.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

CONSENTED TO:

/s/ E. Winslow Taylor
E. Winslow Taylor (NC Bar No. 45533)
TAYLOR & TAYLOR, ATTORNEYS
AT LAW, PLLC
486 Patterson Ave., Suite 208
Winston-Salem, NC 27101
Telephone: (336) 418-4745
Email: T2Legal.com

*Attorney for the Plaintiff*

/s/ Caroline Stutts
Caroline Stutts (NC Bar No. 43123
Simpson Law, PLLC
603 St. Mary's Street
Raleigh, NC 27605
Telephone: (919) 785-3222
Facsimile: (919) 785-3222
Email: caroline@simpsonlawpllc.lawyer

*Attorney for Defendants*

13

## **EXHIBIT A**

CERTIFICATION

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter titled, *Atlantic Coast Marine Group, Inc. v. Michael Grant Newcomb and Melody Benson* 4:19-CV-22, Eastern District of North Carolina, have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" are confidential by Order of the Court. I have received and read a copy of the Protective Order entered in the case and agree to abide by its terms.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this Litigation.

DATED:_____   NAME: _____

Signed in the presence of: _____